# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| **PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY,** | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| **EAGLE GROUP LOGISTICS, INC.,** | ) ) **Civil Action No.:** 5:23-cv-00058 |
| Serve: Servio M. Briones-Abad<br>Registered Agent<br>8101-D Statesville Rd<br>Charlotte, NC 28269-3792 | ) ) ) ) ) ) |
| and | ) ) |
| **MOISES ALVARENGA ORELLANA,** | ) ) ) |
| Serve: 20418 Alderleaf Terrace<br>Germantown, MD 20874 | ) ) ) ) |
| and | ) ) |
| **WILLIAM FOSTER,** | ) ) ) |
| Serve: 722 Collins Hill Rd.<br>Apt. H138<br>Lawrenceville, GA 30046 | ) ) ) ) ) |
| and | ) ) |
| **BRAD POLLACK, Administrator of the Estate of KENIA DINORA CHACON GUEVARA, Deceased,** | ) ) ) ) ) |
| Serve: 440 North Main Street<br>Woodstock, VA 22664 | ) ) ) ) |
| and | ) ) ) |

|  |  |
|---|---|
| **JULIAN SOTO LOPEZ,** | ) |
| Serve: 6050 Kennedy Blvd E<br>Apt 17A<br>West New York, NJ 07093-3922 | )<br>)<br>)<br>)<br>) |
| and | ) |
| **ARNULFO VILLEDA DIAZ,** | ) |
| Serve: 1430 Bridgeton Millville Pike<br>Millville, NJ 08332-7918 | )<br>)<br>) |
| and | ) |
| **QUALITY LOGISTICS, INC.,** | ) |
| Serve: Christopher A. Levato,<br>Registered Agent<br>2131 Woodruff Rd<br>Suite 2100-182<br>Greenville, SC 29607 | )<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Progressive Southeastern Insurance Company ("Progressive"), by counsel, states as follows as its Complaint for Declaratory Judgment against Defendants Eagle Group Logistics, Inc. ("Eagle Group"), Moises Alvarenga Orellana, William Foster, Brad Pollack, Julian Soto Lopez, Arnulfo Villeda Diaz, and Quality Logistics, Inc. ("Quality Logistics").

### I. PARTIES

1. Plaintiff Progressive is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located in the State of Indiana. Thus, Progressive is a citizen of Indiana.

2

2. Defendant Eagle Group is a corporation organized under the laws of North Carolina, with its principal place of business in North Carolina. Thus, Eagle Group is a citizen of North Carolina.

3. Defendant Moises Alvarenga Orellana is an individual residing in the State of Maryland and is a citizen of the State of Maryland.

4. Defendant William Foster is an individual residing in the State of Georgia and is a citizen of the State of Georgia.

5. Defendant Brad Pollack, Esq., qualified as the Administrator for the Estate of Kenia Dinora Chacon Guevara in the Commonwealth of Virginia and upon information and belief, is a citizen of the Commonwealth of Virginia. Ms. Chacon was a citizen of the State of New Jersey at the time of her death.

6. Defendant Julian Soto Lopez is an individual residing in the State of New Jersey and is a citizen of the State of New Jersey.

7. Defendant Arnulfo Villeda Diaz is an individual residing in the State of New Jersey and is a citizen of the State of New Jersey.

8. Defendant Quality Logistics is a corporation organized under the laws of South Carolina, with its principal place of business in South Carolina. Thus, Quality Logistics is a citizen of the State of South Carolina.

## II.  JURISDICTION AND VENUE

9. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

10. The jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff Progressive and the Defendants, and the amount

in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### III.  FACTS

#### A.  The Accident

12. On December 30, 2021, Defendant Julian Soto Lopez was driving a Volvo tractor-trailer (the "Volvo Tractor") on behalf of Speed Transit LLC, which was carrying a load of refrigerated food products.

13. At some point, the Volvo Tractor broke down and became inoperable on the side of I-81 Southbound in Shenandoah County, Virginia.

14. Defendant Orellana drove a 2007 International Tractor 9900i (the "International Tractor") to I-81 in Shenandoah County in order to provide assistance to Julian Soto Lopez and the Volvo Tractor.

15. Orellana attached the Volvo Tractor to the International Tractor, hitch to hitch, in order to tow the Volvo Tractor to be repaired.

16. The trailer containing the load of refrigerated food products was left where the Volvo Tractor originally broke down.

17. While towing the Volvo Tractor, Orellana had three passengers in the cab of the International Tractor: Julian Soto Lopez, Arnulfo Villeda Diaz, and Kenia Chacon.

18. Orellana attempted to move the International Tractor from the left shoulder to the right shoulder at a slow rate of speed when he was struck in the right lane by a third vehicle, a tractor trailer owned by Quality Logistics, Inc. and driven by William Foster (the "Accident").

19. As a result of the Accident, Defendants Julian Soto Lopez, Arnulfo Villeda Diaz, and William Foster suffered bodily injuries, and Kenia Chacon was killed.

20. Also as a result of the Accident, Defendant Quality Logistics' tractor trailer suffered property damage.

B. **The Underlying Lawsuits**

21. On February 1, 2023, Mr. Pollack, as Administrator of Kenia Chacon's Estate, filed a lawsuit styled *Brad Pollack v. Quality Logistics, Inc., et al.*, Case No. CL23-174, in the Circuit Court for Shenandoah County, Virginia, naming Eagle Group and Moises Alvarenga Orellana as defendants (the "Pollack Lawsuit"). A true and accurate copy of the Complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit A**.

22. The Pollack lawsuit alleges that "Orellana was employed by, acting as an agent of, or a joint venturer with Defendant Eagle Group Logistics, Inc." and that at the time of the Accident, "Orellana was acting in the scope of his employment, agency, or venture with Eagle Group." (Ex. A ¶ 9.)

23. The Pollack lawsuit alleges that the negligence of Orellana and Eagle Group in failing to exercise reasonable care in the operation of their tractor trailer caused Ms. Chacon's death and seeks $5 million in damages (jointly and severally with the other defendants).

24. On May 4, 2023, William Foster filed a lawsuit styled *William Foster v. Moises Alvarenga Orellana and Eagle Group Logistics, Inc.*, Case No. CL23000670-00, in the Circuit Court for Shenandoah County, Virginia (the "Foster Lawsuit"). A true and accurate copy of the Complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit B**.

25. The Foster lawsuit also alleges that "Orellana was employed by, acting as an agent of, or a joint venture with Defendant Eagle Group Logistics, Inc." and that at the time of the

Accident, "Orellana was acting in the scope of his employment, agency, or venture with Eagle Group." (Ex. B ¶ 3.)

26. The Foster lawsuit alleges that the negligence of Eagle Group and Orellana in failing to exercise reasonable care in the operation of their tractor trailer caused injuries to Mr. Foster and seeks $1 million in damages.

    **C.**     **Eagle Group's Operations**

27. As of November 2020, and up until the date of the Accident, Eagle Group conducted the entirety of its operations from commercial property located at 1430 Bridgeton Millville Pike, Millville, New Jersey 08332.

28. At all times relevant to this action, all vehicles owned by Eagle Group were garaged at the Millville, New Jersey location.

29. At all times relevant to this action, Orellana owned the International Tractor.

30. At all times relevant to this action, Orellana leased the International Tractor to Eagle Group for use in its trucking business.

31. At all times relevant to this action, the International Tractor was registered and principally garaged in Maryland.

32. At all times relevant to this action, Eagle Group employed Julian Soto Lopez as a truck driver, and at the time of the Accident, Julian Soto Lopez was transporting a load in the Volvo tractor on behalf of Eagle Group.

33. At all times relevant to this action, Eagle Group employed Arnulfo Villeda Diaz as a mechanic, and at the time of the Accident, Arnulfo Villeda Diaz was acting in his capacity as a mechanic for Eagle Group.

### D.     The Progressive Insurance Policy

34.     Defendant Eagle Group applied for insurance with Progressive on November 12, 2020.

35.     In its application, Defendant Eagle Group listed its business address as 8101 Statesville Rd, Ste D, Charlotte, NC 28269.

36.     Also in its application, Defendant Eagle Group listed the garaging location of its vehicles as 28269.

37.     In reliance on the information Eagle Group provided in its application, Progressive issued a North Carolina Commercial Auto Policy No. 02900337 to Eagle Group Logistics, Inc. for the term of November 12, 2020 through November 12, 2021 (the "Policy").

38.     The Policy was renewed on November 12, 2021 for one year, expiring on November 12, 2022. A true and accurate copy of the Policy effective on the date of the Accident is attached hereto as **Exhibit C**.

39.     Orellana was listed as a "Rated Driver" and the International Tractor was listed as a scheduled vehicle in the Renewal Declarations, which were effective on the date of the Accident.

40.     The garaging location zip code provided for the International Tractor was 28269.

41.     The Policy includes a $1,000,000 combined single limit for Liability to Others, Bodily Injury and Property Damage Liability.

42.     The insuring agreement applicable to Part I – Liability To Others of the Policy provides as follows:

### PART I – LIABILITY TO OTHERS

**INSURING AGREEMENT**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, we will pay damages, other than punitive or exemplary damages, for **bodily**

**injury, property damage**, and **covered pollution** cost or expense for which an insured becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

***

43. The Policy also contains the following relevant exclusions applicable to Part I – Liability To Others:

> **<u>EXCLUSIONS</u>—PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I—LIABILITY TO OTHERS.**
>
> Coverage under this Part I, including **our** duty to defend, does not apply to:
>
> 3. **Worker's Compensation**
>
>    Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

***

> 5. **Employee Indemnification and Employer's Liability**
>
>    **Bodily injury** to:
>
>    a. An **employee** of any **insured** arising out of or within the course of:
>
>       (i)   That **employee's** employment by any **insured;** or
>       (ii)  Performing duties related to the conduct of any **insured's** business…

8

This exclusion applies:

a. Whether the **insured** may be liable as an employer or in any other capacity; and

b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to **bodily injury** to a domestic **employee** if benefits are neither paid nor required to be provided under any workers' compensation, disability benefits, or similar law, or to liability for **bodily injury** assumed by the **insured** under an **insured contract.** For the purposes of this policy, a domestic **employee** is a person engaged in household or domestic work performed principally in connection with a residence premises.

6. **Fellow Employee**

   **Bodily injury to:**

   a. a fellow **employee** of an **insured** injured while within the course of their employment or while performing duties related to the conduct of **your** business.

***

44. The Policy also provides General Provisions, as stated in relevant part:

**<u>GENERAL PROVISIONS</u>**

***

2. **Policy Changes**

   This policy, **your** insurance application (which is made a part of this policy if attached hereto), the **declarations page**, as amended, and endorsements to this policy issued by **us** contain all the agreements between **you** and **us**. Subject to the following, its terms may not be changed or waived except by an endorsement issued by **us**.

   The premium for this policy is based on information **we** have received from **you** or other sources. **You** agree to cooperate

with us in determining if this information is correct and complete, and **you** will notify us if it changes during the policy period. If this information is incorrect, incomplete, or changes during the policy period, **you** agree that **we** may adjust your premium during the policy period, or take other appropriate action.

Changes that may result in a premium adjustment include, but are not limited to, changes in:

a. the number, type, or use classification of insured autos;
b. operators using **insured autos**, their ages, driving histories, license status, state or country of license issuance, or marital status;
c. the place of principal garaging of any **insured auto**;
d. coverage, deductibles, or limits of liability; or
e. rating territory or discount eligibility.

If **you** ask **us** to delete a vehicle from this policy, no coverage will apply to that vehicle as of the date and time **you** ask **us** to delete it.

Nothing contained in this section will limit **our** right to void this policy for fraud, misrepresentation or concealment of any material fact by **you**, or anyone acting on **your** behalf.

\*\*\*

11. **Fraud or Misrepresentation**[1]

This policy was issued in reliance upon the information provided on **your** insurance application. **We** may void this policy at any time, including after the occurrence of an **accident** or **loss**, if **you**:

1. made incorrect statements or representations to us with regard to any material fact or circumstance;
2. concealed or misrepresented any material fact or circumstance; or
3. engaged in fraudulent conduct;

---

[1] The North Carolina Amendatory Endorsement (Form 4881 NC (02/19)) adds the following to Subsection 11—Fraud or Misrepresentation: "This provision does not apply to coverage under Part I—Liability To Others up to the minimum limits required by the financial responsibility laws of North Carolina."

10

at the time of the application. This means that we will not be liable for any claims or damages that would otherwise be covered.

Any changes **we** make at **your** request to this policy after inception will be made in reliance upon information **you** provide. If **you**:

1. make incorrect statements or representations to us with regard to any material fact or circumstance;
2. conceal or misrepresent any material fact or circumstance; or
3. engage in fraudulent conduct;

in connection with a requested change, **we** may void the policy or reform it as it existed immediately prior to the requested change. **We** may do this at any time, including after the occurrence of an **accident** or **loss**.

When **we** have not voided or reformed the policy, **we** may still deny coverage for an **accident** or **loss** if **you**, in connection with the policy application, or in connection with any requested change, have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, and that concealment, misrepresentation, or fraudulent conduct was material to a risk **we** assumed.

**We** may deny coverage for an **accident** or **loss** if **you** or any other insured knowingly concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct in connection with the presentation or settlement of a claim. **We** reserve all rights to indemnity against a person committing fraud or misrepresentation for all payments made and costs incurred.

***

16. **Duty to Report Changes**

    **You** must promptly notify **us** when:

    1. **your** mailing or business address changes;
    2. the principal garaging address of an **insured auto** changes;

3.     there is any change with respect to the persons who operate an **insured auto**;
4.     there is a change in the driver's license status, or state or country of license issuance, of any person using an **insured auto**; or
5.     **you** acquire, sell, or dispose of **autos**.

*** 

17. **Terms of Policy Conformed to Statutes**

    If any provision of this policy fails to conform to the statutes of the state listed on **your** application as **your** business location, the provision shall be deemed amended to conform to such statutes. All other provisions shall be given full force and effect. Any disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the state listed on **your** application as **your** business location.

***

## IV. COUNT I – DECLARATORY JUDGMENT
### (All Defendants)

45. Progressive realleges and reincorporates herein by reference the allegations set forth in the foregoing paragraphs.

46. An actual controversy exists between Progressive and the Defendants concerning whether Defendants Eagle Group and Orellana are entitled to insurance coverage under the Policy with respect to the Accident as well as the Pollack and Foster Lawsuits. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

47. Progressive seeks a declaration pursuant to 28 U.S.C. § 2201 and § 2202 that Progressive's duty to defend and indemnify Defendants Eagle Group and Orellana with respect to the Accident, as well as the Pollack and Foster Lawsuits, is limited to $750,000 under N.C.G.S. § 20-309(a1) and 49 C.F.R. § 387.9, which outline the mandatory minimum limits of liability insurance for commercial motor vehicles in the State of North Carolina.

48. Progressive is entitled to this declaratory judgment because:

  a. Eagle Group made a material misrepresentation in its application for insurance;

  b. Eagle Group breached the Duty to Report Changes condition of the Policy;

  c. Eagle Group breached the Policy Changes condition of the Policy; and/or

  d. Eagle Group breached the Fraud or Misrepresentation condition of the Policy.

## V. COUNT II – DECLARATORY JUDGMENT
**(Defendants Eagle Group, Moises Alvarenga Orellana, and Julian Soto Lopez)**

49. Progressive realleges and reincorporates herein by reference the allegations set forth in the foregoing paragraphs.

50. An actual controversy exists between Progressive and Defendants Eagle Group, Orellana, and Soto Lopez concerning whether Defendants Eagle Group and Orellana are entitled to insurance coverage under the Policy with respect to the Accident and the bodily injury claim by Julian Soto Lopez. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

51. Progressive seeks a declaration pursuant to 28 U.S.C. § 2201 and § 2202 that Eagle Group and Orellana are not entitled to insurance coverage under the Policy (defense or indemnity) with respect to any claim by Julian Soto Lopez for the Accident because:

  a. Coverage for bodily injury to Julian Soto Lopez is excluded under the Worker's Compensation Exclusion;

  b. Coverage for bodily injury to Julian Soto Lopez is excluded under the Employee Indemnification and Employer's Liability Exclusion; and/or

  c. Coverage for bodily injury to Julian Soto Lopez is excluded under the Fellow Employee Exclusion.

## VII.  COUNT III – DECLARATORY JUDGMENT
**(Defendants Eagle Group, Moises Alvarenga Orellana, and Arnulfo Villeda Diaz)**

52. Progressive realleges and reincorporates herein by reference the allegations set forth in the foregoing paragraphs.

53. An actual controversy exists between Progressive and Defendants Eagle Group, Orellana, and Villeda Diaz concerning whether Defendants Eagle Group and Orellana are entitled to insurance coverage under the Policy with respect to the Accident and the bodily injury claim by Arnulfo Villeda Diaz. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

54. Progressive seeks a declaration pursuant to 28 U.S.C. § 2201 and § 2202 that Eagle Group and Orellana are not entitled to insurance coverage under the Policy (defense or indemnity) with respect to any claim by Arnulfo Villeda Diaz for the Accident because:

    a.    Coverage for bodily injury to Arnulfo Villeda Diaz is excluded under the Worker's Compensation Exclusion;

    b.    Coverage for bodily injury to Arnulfo Villeda Diaz is excluded under the Employee Indemnification and Employer's Liability Exclusion; and/or

    c.    Coverage for bodily injury to Arnulfo Villeda Diaz is excluded under the Fellow Employee Exclusion.

WHEREFORE, Progressive respectfully requests that this Court:

1. Declare that liability coverage for Defendants Eagle Group or Moises Alvarenga Orellana under the Policy for the Accident, including the Pollack and Foster Lawsuits, is limited to $750,000, which is the mandatory minimum limits of liability insurance for commercial motor vehicles in the State of North Carolina.

2. Declare that Progressive does not have a duty to defend or indemnify Eagle Group or Moises Alvarenga Orellana against any claim brought by Julian Soto Lopez in connection with the Accident;

3. Declare that Progressive does not have a duty to defend or indemnify Eagle Group or Moises Alvarenga Orellana against any claim brought by Arnulfo Villeda Diaz in connection with the Accident;

4. Award such other and further relief as this Court deems just and proper.

                                    **Respectfully submitted,**

                                    **PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY**

                                    **By:** /s/ John B. Mumford, Jr.
                                                        **Counsel**

John B. Mumford, Jr. (VSB No. 38764)
HANCOCK, DANIEL & JOHNSON, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
Telephone: (804) 967-9604
Facsimile: (804) 967-9888
*Counsel for Progressive Southeastern Insurance Company*